JAGER v. DEY *et al.*

1. **Railroads :** CONDEMNATION OF LAND FOR DEPOT GROUNDS : STAT-
UTE CONSTRUED. Laws of 1884, chapter 190, section 1, empower-
ing railroad companies owning or operating a completed road to
condemn lands for "necessary additional depot grounds," upon
the certificate of the railroad commissioners as to the "amount
and description of the additional lands necessary," etc., does not,
by the use of the word "additional," restrict the right to condemn
lands thereunder to stations already established, and at which the
company already owns depot grounds in addition to its right of
way, but authorizes the condemnation for the purposes of new
stations, where the commissioners may regard them as necessary
for the transaction of the business of the road.

2. ——— : ——— : CLERICAL ERROR IN STATUTE. In said section the
word "city," in the clause requiring the commissioners to certify
to the "clerk of the circuit court of the *city* in which the land is
situated," is a clerical error,—the word "county" evidently having
been intended.

*Appeal from Lee District Court.*—HON. J. M. CASEY,
Judge.

FILED, MAY 10, 1890.

THE plaintiff is the owner of a farm in Lee county,
and the defendants are the railroad commissioners of
this state. The railroad of the Chicago, Santa Fe and
California Railway Company is completed and in oper-
ation over the plaintiff's land, and said company made
application to said commissioners for a certificate
authorizing the condemnation of part of plaintiff's land
for necessary additional depot grounds. A hearing was
had, and the certificate was granted, and the land
was condemned, so far as appears, in accord with the
statute. The plaintiff, claiming that the railroad com-
missioners were without jurisdiction in the matter, or
that they exceeded their jurisdiction, commenced this

proceeding in *certiorari* in the district court to annul said certificate. A hearing was had, and the action of the commissioners was sustained. The plaintiff appeals.

*O. C. Herminghausen*, for appellant.

*Van Valkenburgh & Hamilton*, for appellees.

ROTHROCK, C. J.—The authority under which the commissioners acted in the premises is to be found in section 1, chapter 190, Laws 1884, which is as follows : " Any railway corporation owning or operating a completed railway in the state of Iowa shall have power to condemn lands for necessary additional depot grounds in the same manner as is provided by law for the condemnation of the right of way : provided, that, before any proceedings shall be instituted to condemn such additional grounds, the railway company shall apply to the railway commissioners, who shall give notice to the land-owner, and examine into the matter, and report by certificate to the clerk of the circuit court in the city in which the land is situated the amount and description of the additional lands necessary for the reasonable transaction of the business, present and prospective, of such railway company, whereupon said railway company shall have power to condemn the lands so certified by the commissioners." It is apparent that the word " city " in said act is a misprint or clerical error. The word " county " was evidently intended to be used. Under this act, the railroad commissioners have jurisdiction or power to determine, in a proper case, what quantity of land may be condemned for additional depot grounds, and the question now to be determined is, did the defendants exceed their proper jurisdiction in making the certificate complained of by plaintiff ? To determine this question, a brief statement of the facts as disclosed by the record is necessary.

The railroad was completed and in operation through plaintiff's land before application was made to the commissioners for a certificate. The company then had a

right of way through the land one hundred feet in width. The railroad crosses the Mississippi river at the city of Fort Madison, and when it was built the first station west of that place was New Boston, a distance of eleven or twelve miles. The railroad company proposed to establish a station between these points, and to do so it was necessary to have land in addition to the right of way. The place for the station was selected, a sidetrack was laid, and a telegraph station was established in a box car on the sidetrack.

It will readily be observed that, if the commissioners had the power, under the law, to authorize the condemnation, as requested by the company, the questions as to the quantity of land necessary for the proper use of the company, the necessity for a station at that point, and all other questions pertaining thereto, were to be determined by the commissioners. But it is claimed in behalf of appellant that, because the statute above cited does not authorize lands to be condemned except for "additional depot grounds," and that, as there were no depot grounds at the place selected for a station, there could be no additional depot grounds. This appears to us to be an erroneous construction of the statute. If we understand counsel, his claim is that, before the commissioners have power to act, there must be a station established, and there must be depot grounds, or there can be no "additional depot grounds." At all railroad stations the one-hundred-feet right of way is necessarily a part of the depot grounds. The station-house at which the business of the company is transacted, and the platforms which are necessary in the transaction of the business, are located on the main line, on the right of way, and the sidetracks connecting with the main line are of necessity connected with the main line on the right of way. The expression, "necessary additional depot grounds," means such land, in addition to that already acquired, as may be necessary for depot purposes. Counsel further insists that the law under consideration authorizes land to be condemned

" only for additions to depots or stations then in existence, and not for original depot grounds, or for locating and establishing a depot or station anew." We think that what we have already said is a sufficient answer to this position. The judgment of the district court will be                                    AFFIRMED.